IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVON DAVIES, | No. C 05-01812 JW (PR) |
| Plaintiff, | ORDER OF DISMISSAL |
| vs. | |
| KANE, et al., | |
| Defendant. | |

On May 2, 2005, plaintiff, a California prisoner incarcerated at the Soledad State Prison ("SSP"), filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging claims of constitutional violations by SSP prison officials. On August 21, 2006, the Court granted plaintiff's motion to proceed in forma pauperis. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint for failing to state a claim.

///

///

///

Order of Dismissal
N:\Pro - Se\6.13.2007\05 1812 Davies1812_dismissal.wpd

**DISCUSSION**

A. <u>Review Under 28 U.S.C. § 1915A</u>

Section 1915A requires a federal court to engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or employee of a governmental entity. <u>See</u> 28 U.S.C. § 1915A(a). Federal courts must dismiss a case filed <u>in forma pauperis</u> under 28 U.S.C. § 1915 if the court, at any time, determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). <u>Pro se</u> pleadings must be liberally construed, however. <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

1. <u>Involuntary Transfers</u>

Plaintiff complains that since being moved to SSP in April 2003, in order to be placed in a medium (level II) security environment in accordance with his classification score, he has been repeatedly transferred from one wing to another, once to a higher security level facility, without the state mandated classification process. Plaintiff argues that the prison's failure to provide him with a proper placement consistent with his classification score without a classification hearing violates his due process rights. Plaintiff's claim is without merit.

Interests protected by the Due Process Clause may arise from two sources-- the Due Process Clause itself and laws of the states. <u>See</u> <u>Meachum v. Fano</u>, 427

Order of Dismissal
N:\Pro - Se\6.13.2007\05 1812 Davies1812_dismissal.wpd         2

U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. See Sandin v. Conner, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." See id. at 477-87.

An inmate's classification score determines inmate placement unless a specific administrative determinant, e.g., conviction for arson or sex crimes or disciplinary problems, is affixed, see Cal. Code Regs. tit. 15, §§ 3375.1(a), 3375.2, or the inmate is transferred to a sub-facility, see id. § 3375.1(b). The regulations contain no substantive predicates or mandatory language with respect to administrative determinants: they "may be imposed by departmental officials." Id. § 3375.2(b) (emphasis added). It cannot be said, therefore, that an inmate, such as plaintiff, with a specific classification score "can reasonably form an objective expectation" that he will be placed in a facility which corresponds with his classification score. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 464-65 (1989) (finding no protected liberty interest in Kentucky regulations); Myron v. Terhune, 457 F.3d 996, 1000 (9th Cir. 2006) (finding that although California regulations pertaining to security classification contained some mandatory language, they did not eliminate all discretion of prison officials, mandate a particular outcome, or impose an atypical and significant hardship on the inmate population and therefore the regulations do not give rise to a Fourteenth Amendment liberty interest); Schroeder v. McDonald, 55 F.3d 454, 462 (9th Cir.

Order of Dismissal
N:\Pro - Se\6.13.2007\05 1812 Davies1812_dismissal.wpd         3

1  1995) (Hawaii classification regulations that generally require particular result but
2  reserve for prison administrators broad discretion about placement and transfer
3  decisions do not create protected liberty interest).  Because the statutory language
4  does not meet the first prong of the Sandin test, no protected liberty interest
5  requiring constitutional protection is created.

6        Plaintiff claims that prison officials violated due process when they
7  transferred him without a classification hearing to a level III security housing facility
8  although his classification score was for a level II security facility.  Plaintiff's claim
9  is without merit.  First of all, there is no federal right to due process prior to
10 placement in less amenable and more restrictive quarters, e.g. reclassification to a
11 higher level of security, for non-punitive, administrative reasons.  See Hewitt v.
12 Helms, 459 U.S. 460, 468 (1983); Toussaint v. McCarthy, 801 F.2d 1080, 1091-92
13 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987).  In the alternative, plaintiff has
14 failed to establish the existence of a state created liberty interest for an inmate to be
15 housed in accordance with his classification score.  Plaintiff's claim does not even
16 meet the first prong under Sandin, for California state statutes and regulations do not
17 narrowly restrict the power of prison officials with regard to housing and transfers to
18 give rise to a protected liberty interest.  See Myron, 457 F.3d at 1000.  In sum,
19 plaintiff has no liberty interest in being housed consistently with his classification
20 score.  Id.  Having failed the first prong, it is not necessary for this Court to review
21 the claim under Sandin's second prong.  See id. at 477-87.  Accordingly, this claim is
22 DISMISSED for failure to state a claim on which relief may be granted.

23     2.    Unjust Punishment

24       Plaintiff alleges that when he protested the unlawful transfers, he was
25 "punished with a disciplinary writeup, a portion of [his] good-time credits toward
26 paroled revoked, [and] required to do extra-duty work."  Plaintiff refused to move on

1    two occasions and was subject to similar punishment each time.  Plaintiff claims that

2    these punishments were unjustified because he was protesting the involuntary and

3    unconstitutional transfers discussed above.  Nonetheless, because plaintiff has failed

4    to show that a liberty interest is involved with respect to the transfers, the only other

5    constitutional rights implicated by the imposition of the allegedly unjust

6    punishments are rights to procedural protections mandated by Wolff v. McDonnell,

7    418 U.S. 539 (1974).

8        Wolff established five procedural requirements.  First, "written notice of the

9    charges must be given to the disciplinary-action defendant in order to inform him of

10   the charges and to enable him to marshal the facts and prepare a defense."  Wolff,

11   418 U.S. at 564.  Second, "at least a brief period of time after the notice, no less than

12   24 hours, should be allowed to the inmate to prepare for the appearance before the

13   [disciplinary committee]."  Id.  Third, "there must be a 'written statement by the

14   factfinders as to the evidence relied on and reasons' for the disciplinary action."  Id.

15   (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)).  Fourth, "the inmate

16   facing disciplinary proceedings should be allowed to call witnesses and present

17   documentary evidence in his defense when permitting him to do so will not be

18   unduly hazardous to institutional safety or correctional goals."  Id. at 566; see also

19   Bartholomew v. Watson, 665 F.2d 915, 917-18 (9th Cir. 1982) (right to call

20   witnesses is basic to fair hearing and decisions to preclude should be on case by case

21   analysis of potential hazards of calling particular person).  Fifth, "[w]here an

22   illiterate inmate is involved . . . or where the complexity of the issues makes it

23   unlikely that the inmate will be able to collect and present the evidence necessary for

24   an adequate comprehension of the case, he should be free to seek the aid of a fellow

25   inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . .

26   inmate designated by the staff."  Wolff, 418 U.S. at 570.  The Court specifically held

27

28   Order of Dismissal
     N:\Pro - Se\6.13.2007\05 1812 Davies1812_dismissal.wpd        5

1  that the Due Process Clause does not require that prisons allow inmates to cross-
2  examine their accusers, see id. at 567-68, and does not give rise to a right to counsel
3  in the proceedings, see id. at 569-70.

4  Accordingly, this claim is DISMISSED, with leave to amend to attempt to
5  make allegations of procedural due process deficiencies under Wolff.

### 3. Defendants

Plaintiff's allegations do not state a claim with respect to the eight individual defendants named in the complaint, however.  Liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  In that regard, the plaintiff must "set forth specific facts as to each individual defendant's" deprivation of the plaintiff's protected rights.  Id.; see also Chuman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996) (holding defendant cannot be held liable based on membership in group; requiring showing of defendant's individual participation in unlawful conduct).  Here, all of plaintiff's allegations are against the "defendants" collectively; plaintiff fails to allege what any individual defendant actually did.  In order to state a cognizable claim against any of the defendants herein, plaintiff must allege how each such defendant personally was involved in the events plaintiff describes and, equally important, what each such defendant personally did, or failed to do, that caused plaintiff's alleged injuries.  Accordingly, plaintiff is directed to name proper defendants in accordance with the above as part of plaintiff's amendment with respect to his claim of unjust punishment.  Until they are named in plaintiff's amended complaint, all defendants are hereby DISMISSED from this action.

### 4. "All Similarly Situated Inmates"

Plaintiff's claims include a prayer for relief for "all other similarly

Order of Dismissal
N:\Pro - Se\6.13.2007\05 1812 Davies1812_dismissal.wpd       6

situation inmates" and to "prevent further... irreparable injury to their persons and protected liberty interests." Plaintiff's action with respect to these other inmates must be dismissed for lack of standing. Prudential limitations of standing require that plaintiff (1) assert his own rights, rather than rely on the rights or interests of third parties; ( 2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question. Estate of McKinney v. United States, 71 F.3d 779, 782 & n.4 (9th Cir. 1995) . Failure to satisfy any of these prudential requirements defeats standing. Id. The first prudential principle means that a plaintiff does not have standing to complain about the deprivations of the constitutional rights of others. See Powers v. Ohio, 499 U.S. 400, 410 (1991); Estate of McKinney, 71 F.3d at 782 n.4. Put simply here, plaintiff does not have standing to complain about a threat of future harm to the other inmates. There is no indication that there is some hindrance to these other inmates' ability to protect their own interests. See Powers, 499 U.S. at 411. Accordingly, plaintiff's claims with respect to the rights of these other inmates are DISMISSED.

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Within **thirty (30) days** of the date this order is filed, plaintiff may file an AMENDED COMPLAINT correcting the deficiencies outlined above. Plaintiff shall include in the caption both the case number of this action (No. C 05-01812 JW (PR)), and the phrase "FIRST AMENDED COMPLAINT."

2. The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in

<u>the amended complaint all the allegations and claims he wishes to present.  If plaintiff fails to timely file an amended complaint in conformity with this order, this case will be dismissed.</u>

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

DATED:    June 13 2007

JAMES WARE
United States District Judge

Order of Dismissal
N:\Pro - Se\6.13.2007\05 1812 Davies1812_dismissal.wpd    8